Lavon JONES, Jr., Plaintiff–Appellant,

and

Nanthaniel Woods, Jr; Haben Berbane; Dwight Dove, Plaintiffs

v.

BAYER HEALTHCARE LLC; Bayer Corporation, Defendants–Appellees.

No. 07–15555.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Dec. 2, 2008.

Howard Moore, Jr., Esquire, Moore & Moore, Oakland, CA, Charles Stephen Ralston, East Chatham, NY, for Plaintiff–Appellant.

Charles M. Louderback, Esquire, Jerome Schreibstein, Esquire, Payne & Fears, LLP, San Francisco, CA, for Defendants–Appellees.

Before: WALLACE, THOMAS and GRABER, Circuit Judges.

MEMORANDUM *

Jones appeals from the district court's summary judgment entered in favor of Bayer Healthcare LLC (Bayer) on Jones' claims of employment discrimination based on race and retaliation in employment. The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ Jones did not establish a prima facie case of discrimination in his employment discrimination claim. He provided no evidence that he was performing his job according to Bayer's legitimate expectations during the relevant time period, and he did not identify similarly situated employees outside the protected class who received more favorable treatment than he received. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Summary judgment to Bayer was therefore proper.

■ Jones did not demonstrate a genuine issue of material fact on the issue of pretext on his retaliation claim. The only competent evidence Jones offered on the issue of pretext was a January 24, 2003 union meeting, during which his coworkers allegedly made hostile comments regarding the fact that he had filed various internal grievances and discrimination complaints. Jones alleged that his supervisor, Richard Smith, was present at the meeting, and "said he could understand what everyone was saying and that filing grievances did not make any sense." Jones also alleged that Smith "said nothing in my defense but supported what the others were saying." However, Jones did not allege that Smith himself made any hostile comments at the meeting, or that Smith communicated what transpired at the meeting to management personnel responsible for termination decisions.

By contrast, the record demonstrates that there were numerous legitimate, nonretaliatory reasons for Jones' termination, including Jones' history of disciplinary problems and unsatisfactory job performance reports; his decision to work unauthorized overtime on January 5, 2003; his failure to report to work on a time-controlled assignment on January 6, 2003; his abandonment of job duties on January 24, 2003; and an incident of document falsification involving a filter-changing project also on January 24. Given these legitimate and particularized bases for termination, the fact that one of Jones' supervisors participated in a single allegedly hostile union meeting is insufficient evidence of pretext to survive summary judgment. *Manatt v. Bank of Am., NA,* 339 F.3d 792, 801, 803 (9th Cir.2003) (rejecting retaliation claim where employer offered legitimate, nondiscriminatory reasons for termination).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.